UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGDALIA NIEVES,

                  Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

23-CV-5 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

    This social security action, seeking judicial review of a final determination of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Supplemental Security Income, was referred to Magistrate Judge Moses for a Report and Recommendation. *See* ECF No. 8. In the Report and Recommendation filed on February 18, 2024, Magistrate Judge Moses recommended that that the decision of the Commissioner be reversed and that the case be remanded for the limited purposes of (i) determining the onset date of Plaintiff's disability and (ii) calculating benefits. *See* ECF No. 18.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 18. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Accordingly, the decision of the Commissioner is REVERSED. The Commissioner is directed to provide Supplemental Security Income to Plaintiff for the period beginning November 5, 2020. The case is REMANDED to the Commissioner for the determination of an exact onset date, which may be earlier than November 5, 2020, and for calculation of benefits.

The Clerk of Court is directed to terminate ECF No. 13.

SO ORDERED.

Dated: March 7, 2024
New York, New York

_____
JESSICA G. L. CLARKE
United States District Judge